HARRIS, Judge.
Appellant was convicted of grand larceny and sentenced to five years imprisonment in the penitentiary. Prior to arraignment he was found to be indigent and counsel was appointed to represent him. At arraignment he pleaded not guilty. After conviction he gave notice of appeal and a free transcript was furnished him. New counsel was appointed to represent appellant on this appeal.
The evidence adduced by the State is not disputed. Appellant did not testify in his behalf.
Around the first day of November, 1975, a 1973 Camaro automobile worth $2,800.00 was taken from the used car lot of the Williams Pontiac-Cadillac dealer in Dothan, Alabama. Ronnie Thompson, an employee of the company, testified that the Camaro was maroon and the identification number of this vehicle was 1S87T3N145727. He stated that he discovered the car was missing when he started closing the business for the night and he began to question the other employees to ascertain if anyone had seen the car or if it had been sold or if anyone was using it. He said no one had authority to use the car unless it was cleared through him or the sales manager, Michael Williams, and that the records at the place of business did not show that anyone had permission to use the car. He reported the theft of the ear to the Dothan Police Department and that he saw the car about a week later when the police picked the car up in Griffin, Georgia, and brought it back to Dothan. He stated that the serial number checked with the number on the bill of sale on file in the office of the company.
Elma Madison testified that she lived at 603 Monroe Street in Dothan and that she knew appellant and knew him in November *94 of 1975. She saw him on Saturday, November 1, 1975, walking up the street toward her home. She had been to the washerteria and had just driven in her driveway when appellant came up to her and told her he had his car in her back yard. She told him there was no car in her back yard and appellant carried her back of the house and showed her the car. He told her he wanted to do some decorations on the car and she gave him permission to do so. She further testified that appellant left the car at her house and later that afternoon she called the Police Department. She stated that a policeman came to her house and took the tag number and wrote down some information. She stated the color of the car was maroon. She did not see appellant drive the car to her house and did not see him drive it away.
Police Officer Danny Moates testified that on November 1, 1975, he got a call to go to the house of Elma Madison on Monroe Street in Dothan. That he saw a Camaro automobile at the Madison home and that it was either red or maroon in color. The officer checked the serial number and also wrote down the tag number. The serial number was 1S87T3N145727 and the tag number was 19-18408. The officer did not do anything further with reference to the car as he had not received a stolen car report on it at that time.
Detective Harold Lock testified that he was employed by the Dothan Police Department on November 20, 1975, and was assigned to the Criminal Investigation Division. He further testified that at 4:25 p. m., on that date, he interviewed appellant at the Police Department. That before asking him any question, he gave him the Miranda rights and warnings and appellant said he understood his rights. The officer stated that no one was present but him and the appellant. That he did not threaten appellant or offer him any promises, rewards or other inducements to get him to make a statement. Appellant told the officer that he did take the car from the lot of the Williams Pontiac-Cadillac Company one evening and that he only drove it to test drive it and that he intended to take it back. He claimed he got permission from one of the salesmen before he took the car out. He further told the officer that he drove the car to Griffin, Georgia, to see his mother who was ill. No salesman was called by appellant to corroborate his claim that he had permission to drive the car.
The sufficiency of the evidence is not presented by this record. There was no motion to exclude the State’s evidence; there was no request for the affirmative charge; no exceptions were reserved to the Court’s oral charge to the jury, and there were no adverse rulings on the admission of evidence which contained any merit. Eady v. State, 48 Ala.App. 726, 267 So.2d 516; Webb v. State, 55 Ala.App. 195, 314 So.2d 114; Mosley v. State, 54 Ala.App. 59, 304 So.2d 613.
Appellant filed a motion for a new trial in which he did not raise the sufficiency of the evidence but alleged that one of the' jurors had in the past purchased stolen property from appellant knowing the same had been stolen, and this was highly prejudicial to the appellant and that he was due a new trial. This was a mere naked allegation and no proof whatsoever was offered in support of this claim. Since no testimony was offered on the motion for a new trial, nothing was presented to the trial court on which a ruling could be invoked.
We have carefully searched the record and find no reversible error. Accordingly, the judgment of conviction must be affirmed.
AFFIRMED.
All the Judges concur.